UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 09-754-C

DEBORAH LEACOCK,                                                              PLAINTIFF,

V.                    MEMORANDUM OPINION AND ORDER

BOARD OF PENSIONS OF
PRESBYTERIAN CHURCH USA,                                                      DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motions of the plaintiff, Deborah Leacock, who has moved for discovery (R. 14), for a jury trial (R. 15),[1] and to strike portions of the defendant's response (R. 32). For the reasons below, the court will deny the motions.

I.    Background

This matter stems from a dispute over the decision of the defendant, the Board of Pensions of Presbyterian Church (U.S.A.) to terminate Leacock's disability benefits. Leacock alleges that after paying disability benefits to her for five years, the Board improperly terminated her benefits. R. 1, Attach. 1 at 2. During the parties' Rule 26(f) planning meeting, a dispute arose between the parties regarding whether the instant case is a trust or contract dispute, whether the "arbitrary and

---

[1]Although this record entry is a styled as a memorandum in support of a motion for a jury trial and a jury demand, the court construes it as a motion.

1

capricious" or "de novo" standard of review applies, and whether this case should proceed to trial. Accordingly, the plaintiff filed a motion for discovery (R. 14) and for a jury trial (R. 15).

II. Analysis

A. Trust law

Because the death and disability ("D&D") plan at issue is structured as a trust, trust law principles guide the standard of review. The plan is a self-funded church plan that provides comprehensive employee benefits protection, including disability benefits. The terms of the plan direct the Board to administer the plan and its assets "solely in the interest of the Members and their eligible Dependents in accordance with [the Plan's] terms." AR 76 at § 18.1. Under Pennsylvania law, which governs the plan (AR 1 at 1.4), a trust is "a fiduciary relationship with respect to property, subjecting the person by whom the title to the property is held to equitable duties to deal with the property for the benefit of another person." *In re Church of St. James the Less*, 888 A.2d 795, 809 (Pa. 2005) (quoting Restatement (Second) of Trusts § 2 (1959)). Here, employers fund the plan through dues paid to the Board, and the Board administers the plan for the benefit of plan members, including Leacock. AR 8 at § 1.2; 14 at § 4.2. Thus, the plan is structured as a trust and the standard of review is governed by trust law principles, not contract law. *See McAninch-Ruenzi v. Bd. of Pensions of the Presbyterian Church (U.S.A.)*, No. 06-1040, 2007 U.S. Dist. LEXIS 26231, *14 (D. Or. Apr. 2,

2

2007).

   B.   **Standard of review**

Leacock contends that because the plan falls outside of the scope of ERISA, by default, the "arbitrary and capricious" standard should not apply. ERISA did not introduce that standard to the review of benefits determinations: Indeed, prior to ERISA, actions for benefits were governed by trust law, not contract. *Salyers v. Allied Corp.*, 642 F. Supp. 442, 444 (E.D. Ky. 1986). Rather, ERISA incorporated existing fiduciary principles derived from trust law. *See Firestone Tire & Rubber Co. V. Bruch,* 489 U.S. 101, 110-11 (1989). Pursuant to these trust law principles, "a deferential standard of review [is] appropriate when a trustee exercises discretionary powers." *See id.* at 111.

Here, the plan confers sufficient discretion upon the Board to warrant review for arbitrary and capricious action. "Pennsylvania law is in agreement with ERISA case law in that when a trust confers discretion upon the trustee with respect to the exercise of a power, the court will not interfere with the exercise except to prevent abuse by the trustee." *McAninch-Ruenzi*, 2007 U.S. Dist. LEXIS 26231, at *15 (citing *Geron v. Kennedy,* 112 A.2d 181, 183 (1955)). *See also* Restatement (Second) of Trusts § 187 (1959) ("Where discretion is conferred upon the trustee with respect to the exercise of a power, its exercise is not subject to the control by the court, except to prevent an abuse by the trustee of his discretion."). The use of the word "discretion" in the plan's language does not automatically mean that

the plan confers sufficient discretionary authority to trigger this standard, however. *See Perez v. Aetna Life Ins. Co.,* 150 F.3d 550, 555 (6th Cir. 1998) (en banc) (explaining that magic words are unnecessary to vest discretion in the plan administrator, and that courts will instead seek to determine whether there has been a clear grant of discretion to the plan administrator).

The Board's broad discretion in making benefits determinations is sufficient to warrant "arbitrary and capricious" review. The plan confers on the Board "the sole and exclusive discretion to interpret its provisions" (AR 76 at § 18.1); "sole discretion" to alter or amend the plan, subject to approval by the General Assembly (AR 78 at §§ 19.1-19.2); and "sole discretion to require an independent medical examination and to determine what evidence shall be necessary to establish a disability (AR 29 at § 11.2). Certification of disability by the Board is a prerequisite to receiving disability benefits, and its determination of benefits eligibility is "conclusive and binding." *See* AR 10 at § 2.1; AR 77 at § 18.8. In light of this discretion, "arbitrary and capricious review" is appropriate. *See Perez*, 150 F.3d at 555.

### C. Discovery

Given that the scope of review is confined to whether the plan administrator's decision denying benefits was arbitrary and capricious, the court's review is limited to the evidence before the administrator at the time of its final decision. *See Wilkins v. Baptist Healthcare Sys.*, 150 F.3d 609, 619 (6th Cir.

1998); *see also Admin. Comm. of the Time Warner, Inc. Benefits Plan v. Biscardi*, No. 99-12270, 2000 U.S. Dist. LEXIS 16707, at *23 (S.D.N.Y. Nov. 17, 2000). In the ERISA context, an exception is recognized when evidence outside the record is offered "in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part." *Wilkins*, 150 F.3d at 615. A mere allegation of bias is insufficient to permit discovery under this exception, however. *See Johnson v. Gen. Life Insur. Co.*, 324 Fed. Appx. 459, 466 (6th Cir. 2009).

Leacock has not mounted such a procedural challenge here. Leacock expressed concern that adjuster compensation was related to benefits denial. R. 15 at 4. She contends that this creates "a breach of fiduciary duty under any review that is applied." *Id.* In its response, the Board disputes the basis for this concern. According to the Board, "[n]either the Board nor the employers have any financial interest in the surplus or profits of the D&D Plan fund" because excess funds remain in trust for the "sole and exclusive benefit of Plan members and their beneficiaries." R. 20 at 20. Moreover, the Board notes that it pays vendors a flat fee or hourly rate to advise the Board on the disability status of an applicant, and that vendors receive no financial benefit from deciding for or against a disability claim. *Id.* The plaintiff did not dispute this characterization of the plan in its reply. *See* R. 26. Accordingly, it's not clear whether she stands by her original assertions regarding this alleged conflict, and by extension, whether she still asserts a need

5

for evidence beyond the administrative record.  The court will therefore deny the motion for discovery without prejudice.

	D.	**Jury Trial**

Leacock is also not entitled to a jury trial.  Courts apply a two-part test in deciding whether a plaintiff is entitled to a jury trial.  First, the statutory action is compared to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity.  *Tull v. United States,* 481 U.S. 412, 417-18 (1987).  At common law, the courts of equity had exclusive jurisdiction over "virtually all actions by beneficiaries for breach of trust." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993).  Thus the fact that this case arises under trust law weighs against a jury trial.  Second, and more importantly, the court must determine whether the remedy sought is legal or equitable in nature. *Granfinanciera, S.A.*, *v. Nordberg, Creditor Tr. for the Estate of Chase & Sanborn Corp.*, 492 U.S. 33, 41 (1989).  Here, Leacock essentially seeks payment of her disability benefits from the date of termination through the present, an order compelling the Board to continue all disability benefits, and attorney's fees and costs.  The monetary relief she seeks thus depends on whether she is deemed disabled under the plan.  Because her claims for monetary relief are intertwined with her request for declaratory relief, her monetary claims do not constitute separate claims requiring a second jury right analysis.  *See Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 883 (6th Cir. 1997).  Thus, the instant suit is a claim

for disability benefits that is equitable in nature, and Leacock is therefore not entitled to a jury trial.[2]

### E. Motion to Strike

Finally, Leacock erroneously asserts that pursuant to Sixth Circuit Rule 24(c), any references to *McAninch-Ruenzi v. Bd. of Pensions* must be stricken from the record. First, Sixth Circuit Rule 24(c) deals with proceedings in forma pauperis, and it clearly does not have the meaning that Leacock ascribes to it. Indeed, Sixth Circuit Rule 28(f) expressly provides that the citation of unpublished citations is permitted and that such citations are governed by Rule 32.1(b) of the Federal Rules of Appellate Procedure. Moreover, the Joint and Local Rules for the Eastern and Western Districts of Kentucky require that a party that cites to authority not available electronically must (1) attach a copy of that authority to the filing and (2) provide the opposing party with a copy of that authority upon request. Rule 7.1(h). Thus the motion is without merit and will be denied.

## III. Conclusion

Accordingly,

**IT IS ORDERED** that Leacock's motion for discovery, R. 14, is **DENIED WITHOUT PREJUDICE.**

---

[2]Leacock cites the Second Restatement of Trusts for the proposition that where a trustee is under a duty to pay money "immediately and unconditionally" to the beneficiary, the beneficiary may maintain an action at law against the trustee to enforce that obligation. Restatement (Second) of Trusts § 198 (1959). Given that this case does not involve a duty to pay money "immediately and unconditionally," this provision is inapposite.

**IT IS FURTHER ORDERED** that Leacock's motion for a jury trial, R. 15, is **DENIED**.

**IT IS FURTHER ORDERED** that Leacock's motion to strike, R. 32, is **DENIED**.

**IT IS FURTHER ORDERED** that Leacock's motion for oral argument, R. 27, is **DENIED**, as such argument will not be helpful to the court in deciding the motions at issue.

Signed on June 30, 2010

*Jennifer B. Coffman*

**Jennifer B. Coffman, Judge**
**United States District Court**